UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AUTOMOTIVE COMPONENTS HOLDINGS,
LLC, ET AL.,                                         Case No.  12-10762

                    Plaintiffs,                      SENIOR UNITED STATES DISTRICT JUDGE
v.                                                   ARTHUR J. TARNOW

KONAL ENGINEERING & EQUIPMENT, INC.,                 MAGISTRATE JUDGE R. STEVEN WHALEN

                    Defendant.
_____/

**ORDER GRANTING PLAINTIFFS' MOTION FOR RECONSIDERATION [49]**

     Now before the Court is Plaintiffs' Motion for Reconsideration [49], filed on October 30,

2012.  For the reasons stated below, Plaintiffs' Motion is GRANTED.

**Factual and Procedural History**

     This case was originally filed February 20, 2012.  Defendant filed a Motion for Partial

Dismissal [12] on April 4, 2012.  On August 21, 2012, the Court heard oral argument on the motion.

After hearing oral argument, the Court indicated that it would hold the motion in abeyance.  The

Court invited the parties to confer on one of Plaintiffs' exhibits, a 54-page PowerPoint presentation

made by Defendant to Plaintiff ACH.  Specifically, the parties were asked to agree, to the extent

possible, on which statements in the presentation were factual and which were opinion, as such a

determination would aid the Court in determining which factual statements, if any, Plaintiff ACH

had relied on prior to contracting with Defendant.  The Court also directed Plaintiffs to provide to

Defendant evidence that Ford and ACH were "affiliated" companies in the hope that the parties

could agree to stipulate to this fact.  The Court ordered the parties to report by September 25, 2012,

as to whether any of the above disputes had been resolved.  The parties were also told that they

would be given a date if more oral argument were necessary, and that they also could file an update with the Court.

On or about September 25, 2012, the Court was contacted orally by the parties and informed that they had been unable to reach agreement on the above-described factual disputes. The parties requested that the Court issue a decision on the motion for partial dismissal. No further oral argument or briefing was requested.

On October 16, 2012, the Court issued an Order [45] granting in part and denying in part Defendant's Motion for Partial Dismissal. The Court granted Defendant's motion to dismiss only with respect to Count I, in which Plaintiffs alleged fraud in the inducement. On October 30, 2012, Plaintiffs filed the instant motion for reconsideration.

**Standard**

Local Rule 7.1(h)(3) provides that:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

*See Hansmann v. Fid. Invs. Institutional Servs. Co.*, 326 F.3d 760, 767 (6th Cir. 2003) (A motion for reconsideration is granted only "if the movant demonstrates that the district court and the parties have been misled by a palpable defect, and correcting the defect will result in a different disposition of the case"). "A palpable defect is a defect which is obvious, clear, unmistakable, manifest or plain." *Fleck v. Titan Tire Corp.*, 177 F. Supp. 2d 605, 624 (E.D. Mich. 2001) (internal citations and quotations omitted). "The decision whether to grant reconsideration lies largely within the discretion of the court." *Yuba Natural Res., Inc. v. United States*, 904 F.2d 1577, 1583 (Fed. Cir. 1990).

In evaluating a motion to dismiss made pursuant to Fed. R. Civ. P. 12(b)(6), well-pled allegations in the complaint must be taken as true and construed in a light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). To survive a motion to dismiss or for judgment on the pleadings, a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When they are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

With regard to Plaintiffs' fraud-in-the-inducement claim, "[i]t is well established . . . that a claim of fraud in the inducement represents an exception to the economic loss doctrine, where plaintiff can demonstrate that its fraud claim stands alone, separate from allegations that support plaintiff's contractual claims." *Ypsilanti Cmty. Utils. Auth. v. Meadwestvaco Air Sys., LLC*, 678 F. Supp. 2d 553, 567 (E.D. Mich. 2009) (Borman, J.) (citing *Huron Tool & Eng. Co. v. Precision Consulting Servs., Inc.*, 532 N.W.2d 541 (Mich. 1995)). Thus, to survive a motion to dismiss on a fraud in the inducement claim, Plaintiffs must allege fraud unrelated to the contractual violations at issue. As stated by the Michigan Supreme Court:

> "[t]he distinction between fraud in the inducement and other kinds of fraud is the
> same as the distinction drawn by a New Jersey federal district court between fraud
> extraneous to the contract and fraud interwoven with the breach of contract . . .
> [w]ith respect to the latter kind of fraud, the misrepresentations relate to the
> breaching party's performance of the contract and do not give rise to an independent

cause of action in tort.  Such fraud is not extraneous to the contractual dispute among

the parties, but is instead but another thread in the fabric of [the] plaintiffs' contract

claim . . . [It] is undergirded by factual allegations identical to those supporting their

breach of contract counts . . . ."

*Huron Tool & Eng. Co.*, 532 N.W.2d at 545.

## Analysis

Plaintiffs present four reasons the Court should reconsider its previous order:

1. Because the Court "did not hear oral argument on the legal and factual bases of Plaintiffs' fraud

claim, and was therefore misled by [Defendant's] misrepresentations . . . ."

2. Because the case law cited by the Court does not require that facts pled in support of fraud in the

inducement be "completely independent" of the related contract.

3. Because other cases not considered by the Court establish that fraud in the inducement be

"completely independent" of the related contract.

4. Because Plaintiffs have prepared a version of the 54-page PowerPoint presentation made by

Defendant to Plaintiff ACH that sets out which factual statements by Defendant were allegedly relief

on by Plaintiff ACH when it made its contract with Defendant.

Plaintiffs' first argument, that the Court "did not hear oral argument on the legal and factual

bases of Plaintiffs' fraud claim," is unpersuasive as a reason for reconsideration.  The Court did

indeed hear oral argument on the motion, and Plaintiffs were specifically directed to discuss "the

legal and factual bases of Plaintiffs' fraud claim . . . ."  During oral argument, it became apparent

that Plaintiffs had not separated specific factual claims in the record from mere puffery on the part

of Defendant.  The Court directed Plaintiffs to work with Defendant to prepare a marked-up version of Defendant's PowerPoint presentation.  When Plaintiffs reported back, no additional hearing or briefing was requested, and the Court proceeded to decide the motion based on the record.  A Court "is not required to speculate on which portions of the record the nonmoving party relies, nor is it obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." *InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989).

Accordingly, this argument is unpersuasive.

However, Plaintiffs' remaining arguments, taken together, are persuasive.  As noted above, "[i]t is well established . . . that a claim of fraud in the inducement represents an exception to the economic loss doctrine, where plaintiff can demonstrate that its fraud claim stands alone, separate from allegations that support plaintiff's contractual claims." *Ypsilanti Cmty. Utils. Auth. v. Meadwestvaco Air Sys., LLC*, 678 F. Supp. 2d 553, 567 (E.D. Mich. 2009) (Borman, J.) (citing *Huron Tool & Eng. Co. v. Precision Consulting Servs., Inc.*, 532 N.W.2d 541 (Mich. 1995)).  In its Order [45], the Court was unable to identify allegations in Plaintiffs' complaint or in the record that identified fraud that stood "alone, separate from allegations that support[ed]" Plaintiffs' contractual claims.

In their Motion for Reconsideration, Plaintiffs identify a number of specific statements in Defendant's PowerPoint presentation that are factual in nature and, as alleged by Plaintiffs', false. Def.'s M. for Reconsideration at 15-16.  Plaintiffs' Complaint contains alleges that Defendant's allegedly false statements regarding its "manufacture[] of industrial systems for automotive production generally" and "significant engineering breakthroughs with respect to the manufacture of cast skin systems and other automotive machinery."  Compl. ¶ 49.

The Court is persuaded that the statements highlighted by Plaintiffs, which discuss Defendant's experience manufacturing numerous systems unrelated to the systems discussed in the allegedly breached contracts, are sufficiently distinct from the facts supporting Plaintiffs' breach of contract claim.  They speak not to the character or quality of the systems that Plaintiff ACH contracted with Defendant to receive, but rather to Defendant's specific experience in manufacturing other products.  Taking as true Plaintiffs' allegations that said statements were false or were made recklessly, and that Plaintiffs relied on said statements when deciding to contract with Defendant, the Court finds that Plaintiff has sufficiently pled a fraud in the inducement claim.

Accordingly, **IT IS ORDERED** that Plaintiffs' Motion for Reconsideration [49] is GRANTED.  As such, the Court reverses its previous dismissal of Count I, Plaintiffs' allegation of fraud in the inducement.

**SO ORDERED**.

s/Arthur J. Tarnow
Arthur J. Tarnow
Dated: May 21, 2013                                    Senior United States District Judge